MARY HOBEN v. THOMAS SNELL, Appellant, and GEORGE S. RINGLAND v. THOMAS SNELL, Appellant.

**Tax Sale.** Code, 845, provides that sales shall be invalid unless the treasurer, on receiving the tax books for each year, enters in separate columns, opposite each parcel or name on which or against whom any tax remains unpaid for either of the preceding years, the year or years for which such delinquent tax so remains due and unpaid. Taxes for 1882 became delinquent and a sale was had in October, 1883. The tax books for 1883 came into the treasurer's hands after this sale, and the said tax for 1882 was not entered on the said tax book of 1883. *Held*, a deed based on the sale for 1882 taxes is valid, because the sale paid the taxes for 1882, leaving nothing to carry forward.

*Appeal from Webster District Court.*—HON. N. B. HYATT, Judge.

FRIDAY, APRIL 5, 1895.

Suits in equity to quiet plaintiffs' title in and to lot 1, block 36, and lot 6, block 25, in East Ft. Dodge. From a decree for plaintiffs, defendant appeals.— *Affirmed.*

*Barcroft & McCaughan* and *Frank Farrell* for appellant.

*Botsford, Healy & Healy* for appellees.

Deemer, J.—This is a controversy over the above-described lots. The plaintiffs each claim under tax deeds, and the defendant holds the patent title. The taxes for the year 1882 levied and assessed against the premises in controversy being unpaid, the tax lists for collection of the same were delivered to the county treasurer on December 18, 1882, and, the taxes not having been paid, the properties were sold to plaintiff Ringland at tax sale held on the first day of October, 1883, that being the time then fixed by law for such sales. As the sales were not redeemed from, he, on the fifteenth day of August, 1887, received a tax deed for the premises, which he duly recorded on the next day. After receiving his deed, he conveyed lot 1, block 36, to plaintiff Hoben. The defendant claims that these tax deeds are invalid, for the reason that the county treasurer did not, on receiving the tax books for the year 1883, or at any time thereafter, enter upon the same in a separate column opposite the lots, or opposite defendant's name, the delinquent taxes for the year 1882. It appears from the testimony that the tax list for the year 1883 was not certified to the county treasurer for collection until December 24, 1883, which was after the sale of the lots for the year 1882. When he received the list for the year 1883, he entered in the column marked "When Sold," in red ink, the figures

"1883," and the tax list for the year 1882, when offered in evidence, was marked under the column headed "When Sold," "October 1st, 1883." The column headed "Delinquent Tax," in the 1883 list, was left blank. Code, section 845, is as follows: "The treasurer on receiving the tax book for each year shall enter upon the same in separate columns opposite each parcel of real property or person's name on which or against whom any tax remains unpaid for either of the preceding years the year or years for which such delinquent tax so remains due and unpaid, and any sale for the whole or part of such delinquent tax not so entered shall be invalid." The question presented by this appeal is, were the taxes for the year 1882 unpaid when the treasurer received the tax books for the year 1883? It seems perfectly plain to us that they were not. They were paid, so far as the county was concerned, at the sale in October, 1883, before the treasurer received the books for that year; and there was no necessity for carrying them forward. Neither does the statute contemplate that they should be. Had they been carried forward as being delinquent, the tendency would have been to mislead and confuse those who were interested in knowing the amount of taxes unpaid upon the property. The books for the year 1883 did show that the property had been sold for taxes in that year, and this is all that was required. Again, it will be noticed that the sale was held at the time then fixed by statute for the unpaid taxes for the year 1882. The lots were not sold for the taxes of 1883, for the list for that year had not yet come into the hands of the treasurer, nor had the time arrived for such sale; and, so far as shown at the time of the sale, there were no taxes delinquent except those for the year 1882. The statute quoted manifestly has no application to such a state of facts. We are clearly of opinion that the sale was not invalid,

and that the decrees establishing plaintiffs' title to the lots in question are correct. And in each case they are *affirmed.*